## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT R,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 24 C 5076** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **LELAND DUDEK, Acting** | ) | **Maria Valdez** |
| **Commissioner of Social Security,**[2] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Robert R.'s claims for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Social Security Commissioner [Doc. No. 12] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Leland Dudek is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.    PROCEDURAL HISTORY

On June 10, 2021, Plaintiff filed an application for SSI, alleging disability since December 16, 2019. Plaintiff had also previously filed for Disability Insurance Benefits ("DIB") on June 22, 2016. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 12, 2023. Plaintiff personally appeared and testified at the hearing and was represented by counsel. Vocational expert ("VE") Julie Bose also testified. Plaintiff was last insured for DIB on June 30, 2015. Plaintiff asked the ALJ to allow him to amend his alleged onset date to June 1, 2014, to reopen a prior DIB claim, to treat the instant SSI claim as a DIB as well, and to adjudicate that DIB claim.

On January 25, 2024, the ALJ denied Plaintiff's claim for SSI, finding him not disabled under the Social Security Act. The ALJ denied Plaintiff's request to amend his alleged onset date and to reopen the prior DIB claim, finding that there was no good cause to do so because more than four years had elapsed since the filing of that claim, there was no fraud or similar fault involved, and Plaintiff was not mentally incapacitated. Importantly, the ALJ was silent as to whether the current SSI claim should also be adjudicated as a DIB claim and whether that possibility provided an independent basis to allow Plaintiff to amend his alleged onset date.

The Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision, leaving the ALJ's decision as the final decision of

the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C.
§ 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.     ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential
evaluation process established under the Social Security Act. *See* 20 C.F.R. §
404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in
substantial gainful activity since his alleged onset date of December 16, 2019. At
step two, the ALJ concluded that Plaintiff had the following severe impairments:
coronary artery disease with stent placement; hypertension; status post bilateral
hip arthroplasty; obesity. The ALJ concluded at step three that his impairments,
alone or in combination, do not meet or medically equal a Listing. Before step four,
the ALJ determined that Plaintiff retained the Residual Functional Capacity
("RFC") to perform medium work except frequent climbing ramps and stairs,
kneeling, and crouching. He can occasionally climb ladders, ropes, or scaffolds and
occasionally crawl. He can have no concentrated exposure to dusts, fumes, gases, or
poos ventilation and extremes of cold, heat, or humidity.

At step four, the ALJ concluded that Plaintiff would be able to perform his
past relevant work as a taxi driver and an assistant retail manager. At step five,
based upon the VE's testimony and Plaintiff's age, education, work experience, and
RFC, the ALJ found that Plaintiff can also perform jobs existing in significant
numbers in the national economy, leading to a finding that he is not disabled under
the Social Security Act.

3

## DISCUSSION

### I.    ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.      JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001).

Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ: (1) failed to consider Plaintiff's current SSI claim as a DIB claim as well; (2) improperly assessed Plaintiff's physical impairments; and (3) failed to properly consider Plaintiff's mental impairments.

Plaintiff first argues that the ALJ should have considered his current SSI claim as a current DIB claim. As Plaintiff notes, several entries in the Social Security Administration's Program Operations Manual System ("POMS") seem to support Plaintiff's position. One such entry provides that "[a] SSI application is **also** an application for the following benefits: Title II."[3] POMS 00601.010 (emphasis in original). Further, "If an application involves claiming Title II and Title XVI benefits, . . . and the claimant appeals any medical issue for any of the benefits, the entire claim is under review."[4] POMS 27001.005. Most importantly, under a heading title "Concurrent claims": "If an application involves claiming Title II and Title XVI benefits, . . . and the claimant appeals any medical issue for any of the benefits, the entire claim is under review . . . . Therefore, transfer the case as a concurrent claim for a hearing before an ALJ." POMS 12010.001.B.5.

---

[3] An application for Title II benefits refers to an application for DIB.
[4] An application claiming Title XVI benefits refers to an application for SSI.

Defendant does not dispute that an application for SSI is also an application for DIB. Rather, Defendant contends that because the agency's initial denial of Plaintiff's application for both SSI and DIB was because he did not allege that he became disabled until after his date last insured ("DLI"), and Plaintiff only appealed the determination that he was not entitled to SSI, Plaintiff waived his right to further review unless he could show that the conditions for reopening the DIB claim were met. Thus, according to Defendant, the ALJ did not have jurisdiction over the DIB application and could not consider it concurrently with the instant SSI application. The problem is that the ALJ did not discuss any of the above in her decision.

Congress has delegated to the Social Security Administration the responsibility to "articulate reasoned grounds of decision based on legislative policy and administrative regulation." *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010). Under the *Chenery* doctrine, Defendant is precluded from relying on evidence or a rationale for upholding the ALJ's decision that does not appear in the ALJ's decision. *See Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 87-88 (1943)). Here, Defendant's post hoc rationale for the ALJ's decision to not consider the instant SSI appeal as a DIB appeal as well cannot be substituted for the lack of rationale in the ALJ's decision itself. To be clear, the Court expressly declines to rule on whether the ALJ should have considered the claims together. Indeed, without any rationale provided by the ALJ, the Court cannot review that decision because there is no rationale to review. The

ALJ was obligated to consider whether the current SSI claim should also be adjudicated as a DIB claim and whether that possibility provided an independent basis to allow Plaintiff to amend his alleged onset date and provide a rationale for her decision.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of Plaintiff's physical and mental impairments are properly considered.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the decision of the Social Security Commissioner [Doc. No. 12] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                              **ENTERED:**


**DATE:** ___ **April 10, 2025**        _Maria Valdez_
                                        **HON. MARIA VALDEZ**
                                        **United States Magistrate Judge**